# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY MUSTAFA LIFE WILLIAMS,** | : | |
|     **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 20-CV-3511** |
| | : | |
| **WARDEN KYLE RUSSELL,** *et al.*, | : | |
|     **Defendants.** | : | |

## ORDER

**AND NOW**, this 10th day of February, 2022, upon consideration of the Motion by Defendants Woodard, Hennie, Holler, Dailey, Dean, Hornick, Kowal, McFadden, Miller, Russell, Watty, and Zuber to Dismiss the Second Amended Complaint (Doc. No. 57) and Plaintiff's Response (Doc. No. 59), it is hereby **ORDERED** that the Motion is **GRANTED IN PART and DENIED IN PART**. All claims against Defendant Henning and all claims under the Equal Protection Clause of the Fourteenth Amendment are **DISMISSED WITH PREJUDICE**. The Motion is **DENIED** in all other respects.

It is **FURTHER ORDERED** that:

1. Within **fourteen (14) days** from the date of this Order, the remaining Defendants shall file an answer to the Second Amended Complaint.

2. Plaintiff's Motion to Substitute (Doc. No. 61) is **DENIED WITHOUT PREJUDICE**. Within **fourteen (14) days** from the date of this Order, Defendants shall (a) file a Suggestion of Death on the record as to Defendant Dean, (b) serve the other parties and nonparty successors or representatives of the deceased with a suggestion of death, and (c) provide Plaintif with the names and last known address of Dean's nonparty successors or representatives. Plaintiff may then renew his motion to substitute.

3. Plaintiff's Motion for Documents (Doc. No. 52) is **GRANTED** and the Clerk of Court shall forward to Plaintiff a copy of the docket in this case.

4. Plaintiff's Motion for Appointment of Counsel (Doc. No. 53) is **DENIED AS MOOT** as it relates to another of Plaintiff's cases in this Court and was improperly filed on this docket.

5. Plaintiff's Motion for Sanctions (Doc. No. 62) is **DENIED**.[1]

6. Plaintiff's Motion for Appointment of Counsel (Doc. No. 58) and Motion Requesting the Court to Rule on Plaintiff's Motion for Counsel (Doc. No. 63) are **GRANTED**. The Clerk of Court is **DIRECTED** to refer this matter to the Prisoner Civil Rights Panel for the Eastern District of Pennsylvania for possible appointment of counsel.[2]

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**

---

[1] Plaintiff asserts that Attorney Lucas Repka has continued filing papers in this case despite the fact that his client Defendant Dean is deceased, which deprives him of his ability to act. Plaintiff, however, fails to recognize that Mr. Repka represents eleven defendants in this action aside from Dean and, as such, has authority to continue to represent his clients here.

[2] Plaintiff should be aware that he has no legal right to an attorney in this civil action, and that the Court is not appointing an attorney to represent him. Rather, the Court is asking an attorney to review Plaintiff's case. That attorney may exercise his/her discretion in determining whether to agree to represent Plaintiff in this action. Following receipt of Defendants' Answer and Suggestion of Death as to Defendant Dean, the matter will remain in civil suspense and the Court will take no further action on this case until the earliest of (1) receipt of a response from the Prisoner Civil Rights Panel regarding the review of Plaintiff's case or (2) the passing of ninety (120) days from the date of this Order.