IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY MUSTAFA LIFE WILLIAMS, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 20-CV-3511 |
| | : | |
| WARDEN KYLE RUSSELL, *et al.*, | : | |
| Defendants. | : | |

### ORDER

**AND NOW**, this 15th day of May, 2024, upon consideration of Defendants' Motion for Summary Judgment (Doc. No. 151) and Plaintiff's Response (Doc. No. 159), as well as Plaintiff's Motion for Writ of Mandamus (Doc. No. 160), it is hereby **ORDERED** that:

1. The Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Summary Judgment is **GRANTED** on the following claims:

        i. Plaintiff's excessive force claims against all Defendants based on events occurring in general population on July 16, 2019;

        ii. Plaintiff's failure to protect claim against Defendants Henning and Woodard;

        iii. Plaintiff's section 1983 claims against Defendants Russell and Miller related to the events on July 16, 2019 and June 24, 2020; and

        iv. Plaintiff's Fourteenth Amendment conditions of confinement claims.

    b. Summary Judgment is **DENIED** on the following claims:

        i. Plaintiff's excessive force claims against Defendants Kowal, Zuber, Watty, Hornick, and Dailey based on events occurring in the "Hole" on July 16, 2019;

        ii. Plaintiff's failure to protect claim against Defendant Holler;

       iii. Plaintiff's section 1983 claim against Defendant McFadden related to the events occurring in the "Hole on July 16, 2019;

       iv. Plaintiff's state tort claims of assault and battery against Defendants Kowal, Zuber, Watty, Hornick, and Dailey based on events occurring in the "Hole" on July 16, 2019.

2. All claims against Defendant Quonnis are **DISMISSED** for failure to prosecute.

3. Plaintiff's Motion for Writ of Mandamus seeking my recusal is **DENIED**.[1]

4. The Clerk of Court is **DIRECTED** to re-refer this matter to the Prisoner Civil Rights Panel for the Eastern District of Pennsylvania for possible appointment of counsel for the sole purpose of either settlement negotiations or trial. If after a period of **ninety (90) days** on the Panel, no attorney has accepted appointment, the case shall be removed from the Panel and Plaintiff shall have to proceed *pro se*.

                **BY THE COURT:**

                */s/ Mitchell S. Goldberg*
                **MITCHELL S. GOLDBERG, J.**

---

[1] Under 28 U.S.C. § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Grounds for recusal must derive from an "extrajudicial source" beyond the proceedings of the subject case. See Liteky v. United States, 510 U.S. 540, 554 (1994); United States v. Bertoli, 40 F.3d 1384, 1412 (3d Cir. 1994). It is well established that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).

    Here, Plaintiff's sole basis for recusal claims that I declined to allow him to obtain discovery to defend himself. As I explained in my August 29, 2023 Order, however, discovery in this matter proceeded for almost a year. Based on Plaintiff's timely-filed discovery motions, I ordered that Defendants produce additional documents outside the discovery period. Plaintiff then sought to serve additional document requests and take additional depositions. Recognizing that the case was over three years old, I ordered that discovery be deemed closed and directed the parties to proceed to the dispositive motion stage. Plaintiff's displeasure with this ruling does not constitute grounds for recusal.